UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KELLY O'NEIL,

    Plaintiff,

vs.                              Case No.

MONKEY BAR OF CLEARWATER, INC.,
KENNETH SCHMIDT, STEPHANIE PIERSON,
PHILLIP SCHMIDT and ANNETTE PIERSON

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff KELLY O'NEIL ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants MONKEY BAR OF CLEARWATER, INC. ("Monkey Bar"), (KENNETH SCHMIDT, STEPHANIE PIERSON, PHILLIP SCHMIDT and ANNETTE PIERSON ("Defendants") and alleges as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq.* ("FLSA"); the Florida Minimum Wage Amendment to the Florida Constitution Art. X, §24 ("Fla. Const.") and the Florida Minimum Wage Act (FMWA), section 448.110, Florida Statutes, ("FMWA").

2. During the five years prior to the filing of this action, Defendants had a policy and practice of requiring or permitting Plaintiff to work without paying Plaintiff the minimum wage as required by the FLSA, the Fla. Const. and the FMWA.

3. Pursuant to the FLSA, Fla. Const. and FWMA, Plaintiff seeks minimum wage compensation, liquidated damages, post-judgment interest and attorneys' fees and costs from Defendants.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over these claims as the events giving rise to the claims occurred in Pinellas County, Florida which is in the Middle District of Florida, Tampa Division.

5. Venue is proper in the Court because all facts material to all claims set forth herein occurred in Pinellas County, Florida which is in the Middle District of Florida, Tampa Division.

## PARTIES

6. At all times material to this action, Plaintiff was a resident of Pinellas County.

7. At all times material to this action, Monkey Bar was a Florida Limited Liability Company conducting business in Pinellas County, Florida, subject to the requirements of the FLSA, Fla. Const. and FWMA.

8. At all times material to this action, Kenneth Schmidt was the President of Monkey Bar and acted directly or indirectly in the interest of Monkey Bar in relation to Plaintiff.

9. At all times material to this action, Kenneth Schmidt is an owner of the Monkey Bar and operated it day-to-day and had current operational control over the Monkey Bar deciding all financial decisions and having say over Plaintiff and directing her day-to-day, including how much she would be paid and when

she would be paid, had the power to hire and fire employees, daily managed the company and was ultimately responsible for the profitability of the business.

10. At all times material to this action, Stephanie Pierson was the President of Monkey Bar and acted directly or indirectly in the interest of Monkey Bar in relation to Plaintiff.

11. At all times material to this action, Stephanie Pierson is an owner of the Monkey Bar and operated it day-to-day and had current operational control over the Monkey Bar deciding all financial decisions and having say over Plaintiff and directing her day-to-day, including how much she would be paid and when she would be paid, had the power to hire and fire employees, daily managed the company and was ultimately responsible for the profitability of the business.

12. At all times material to this action, Phillip Schmidt was the Treasurer of Monkey Bar and acted directly or indirectly in the interest of Monkey Bar in relation to Plaintiff.

13. At all times material to this action, Phillip Schmidt is an owner of the Monkey Bar and operated it day-to-day and had current operational control over the Monkey Bar deciding all financial decisions and having say over Plaintiff and directing her day-to-day, including how much she would be paid and when she would be paid, had the power to hire and fire employees, daily managed the company and was ultimately responsible for the profitability of the business.

14. At all times material to this action, Annette Pierson was the Secretary of Monkey Bar and acted directly or indirectly in the interest of Monkey Bar in relation to Plaintiff.

15. At all times material to this action, Annette Pierson is an owner of the Monkey Bar and operated it day-to-day and had current operational control over the Monkey Bar deciding all financial decisions and having say over Plaintiff and directing her day-to-day, including how much she would be paid and when she would be paid, had the power to hire and fire employees, daily managed the company and was ultimately responsible for the profitability of the business.

16. At all times material to this action, Plaintiff was an employee of Defendants pursuant to the terms of all applicable statutes and Defendants were the employers of Plaintiff pursuant to the terms of all applicable statutes.

## GENERAL ALLEGATIONS

17. Defendants operated a bar and restaurant called the Monkey Bar.

18. Plaintiff began working for Defendants on or about August 2017 and worked until July 2022 as a bartender and regularly worked approximately 30 to 40 hours per week.

19. Defendants had at least 2 employees.

20. Monkey Bar had a gross annual sales volume exceeding $500,000.00 annually.

21. Plaintiff and/or Defendants were engaged in interstate commerce or in the production of goods for commerce.

22. Plaintiff was engaged in interstate commerce because she was directly participating in the actual movement of things in interstate commerce by regularly using the instrumentalities of interstate commerce in her work.

23. Plaintiff regularly and recurrently participated in the actual movements of goods or services and commerce across state lines. For example, she regularly and recurrently unloaded the food, liquor, and other products from out of state and then prepared, served and sold these items to customers.

24. Plaintiff regularly and recurrently participated in the actual movements of persons across state lines. For example, she regularly and recurrently served food, liquor, and other products from out of state to customers who were from out of state and who used credit cards issued by out of state banks and financial institutions to pay for the food and liquor.

25. On each of Plaintiff's work days, the Defendants completely controlled Plaintiff's work during each of her work shifts. The Defendants operated all aspects of the subject bar, provided all food, liquor, equipment, tools and utensils needed for Plaintiff's work, and Plaintiff's only function was performing work for the benefit of the Defendants and their customers.

26. Defendants ordered the food and liquor for the bar where they employed Plaintiff. The majority of the food and liquor that was purchased by these Defendants, and was actually served and sold by the Plaintiff, was produced and manufactured outside the State of Florida.

27. In addition to the Plaintiff, each of the other employees who worked for the Defendants handled on a regular and recurrent basis goods or materials which were used commercially in Defendants' business, and moved in interstate commerce.

28. The FLSA allows employers that satisfy certain requirements to count a limited amount of the tips received by tipped employees as a credit toward the employers' minimum wage obligation (commonly known as a "tip credit"). *See* 29 U.S.C. 203(m)(2)(A).

29. The FLSA expressly prohibits employers from keeping employees' tips "for any purposes" regardless of whether the employers claim a tip credit. This includes prohibiting owners, managers or supervisors from keeping employees' tips.

30. Employees also cannot be required or expected to tip other employees who typically do not receive tips, for example cooks and dishwashers.

31. Defendants required Plaintiff to pay a portion of her tips to cooks and other employees.

32. These payments that Plaintiff was required to make to other employees averaged approximately $60 per pay period, but were sometimes more.

33. In violation of the FLSA, Fla. Const. and FMWA, these payments resulted in Plaintiff receiving wages that are below the minimum wage as required by the FLSA, Fla. Const., and FMWA.

34. Under certain circumstances, employers can recover the costs of credit card processing for tips paid by credit card, however the employer must actually incur the credit card processing expense and can only deduct the portion of the cost associated with the tip as opposed to the entire credit card processing fee.

35. Defendants charged customers who utilized a credit card a 3% fee, which they claimed was to cover the cost of the credit card processing. (In fact, there are a number of signs in the business advising customers of this practice.)

36. In violation of the FLSA, Fla. Const. and FMWA, Defendants were stealing from Plaintiff's wages, purportedly to cover the credit card processing fees which they were already receiving from the customers as a result of the 3% fee they were charging customers.

37. Under the FLSA, Fla. Const. and FMWA, Defendants owe Plaintiff these wages, which were stolen from her purportedly to pay other employees and credit card processing fees.

38. Under the FLSA, Fla. Const. and FMWA, Defendants also owe Plaintiff an equal amount in liquidated damages, so the amounts due are doubled.

39. During the entire period of Plaintiff's employment with Defendants, the permitted tip credit was $3.02 per hour.

40. In 2018, the minimum wage was $8.25 per hour. In January 2019, the minimum wage increased to $8.46 per hour. In January 2020, the minimum wage increased to $8.56 per hour. In January 2021, the minimum wage increased to $8.65 per hour. In January 2022, the minimum wage increased to $10.00 per hour.

41. There are no administrative notice requirements or prerequisites to pursue claims under the FLSA or Fla. Const.

42. All administrative notice requirements or prerequisites under the FMWA have been satisfied, including sending the pre-suit notice detailed in section 448.110, which was not responded to by Defendants.

43. All other administrative notice requirements or prerequisites to pursue claims have been satisfied or excused.

44. Plaintiff has retained the services of the undersigned attorneys and is obligated to pay the undersigned a reasonable fee for their services.

45. Plaintiff demands a trial by jury on all claims alleged herein.

## COUNT I

## VIOLATIONS OF THE MINIMUM WAGE REQUIREMENTS OF THE FLSA

46. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 45 as if fully stated herein.

47. Defendants' failure to provide Plaintiff's minimum wage compensation at the applicable hourly rate constitutes a violation of the FLSA, 29 U.S.C. §206.

48. Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff prays that this Court award the following relief:

    a) a judgment that Defendants violated 29 U.S.C. §206 of the Fair Labor Standards Act;

    b) damages for the amount of unpaid compensation owed to Plaintiff;

    c) liquidated damages, pursuant to 29 U.S.C. §216(b), in an amount equal to the compensation owed to Plaintiff;

    d) post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b); and

e)   any other additional relief as the Court deems just and proper.

## COUNT II

## VIOLATIONS OF THE MINIMUM WAGE REQUIREMENTS OF THE FLORIDA CONSTITUTION

49. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 45 as if fully stated herein.

50. Defendants' failure to provide Plaintiff's minimum wage compensation at the applicable hourly rate constitutes a violation of the Florida Constitution, Article X, Section 24.

51. Defendants' violations of the Florida Constitution were knowing and willful.

WHEREFORE, Plaintiff prays that this Court award the following relief:

a)   a judgment that Defendants violated Article X, Section 24 of the Florida Constitution;

b)   damages for the amount of unpaid compensation owed to Plaintiff;

c)   liquidated damages, pursuant to Article X, Section 24 of the Florida Constitution, in an amount equal to the compensation owed to Plaintiff;

d)   post-judgment interest, reasonable attorneys' fees and costs pursuant to Article X, Section 24 of the Florida Constitution; and

e)   any other additional relief as the Court deems just and proper.

## COUNT III

## VIOLATIONS OF THE MINIMUM WAGE REQUIREMENTS

## OF THE FMWA

52. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 45 as if fully stated herein.

53. Defendants' failure to provide Plaintiff's minimum wage compensation at the applicable hourly rate constitutes a violation of the FMWA, Fla. Stat. section 448.110.

54. Defendants' violations of the FMWA were knowing and willful.

WHEREFORE, Plaintiff pray that this Court award the following relief:

    a)    a judgment that Defendants violated the FMWA, Fla. Stat. section 448.110;

    b)    damages for the amount of unpaid compensation owed to Plaintiff;

    c)    liquidated damages, pursuant to the FMWA, Fla. Stat. section 448.110, in an amount equal to the compensation owed to Plaintiff;

    d)    post-judgment interest, reasonable attorneys' fees and costs pursuant to the FMWA, Fla. Stat. section 448.110; and

    e)    any other additional relief as the Court deems just and proper.

Respectfully submitted,

/s/ Ryan D. Barack
Ryan D. Barack

        Florida Bar No. 0148430
rbarack@employeerights.com
Jackie@employeerights.com
**Michelle Erin Nadeau**
Florida Bar No. 0060396
mnadeau@employeerights.com
Jackie@employeerights.com
**Kwall Barack Nadeau PLLC**
304 S. Belcher Rd., Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiff